Good morning, and may it please this Court, I'm Michael Naranjo, my co-counsel Eileen Ridley and I represent the petitioner Benedicto Rendon. Before we begin, I would like to reserve five minutes for rebuttal. Your Honors, the basic tenets of due process and fair play were compromised in this case, in favor of an expedient deportation of Mr. Rendon by the Immigration Court. The I.J. and the B.I.A. both improperly relied on Mr. Rendon's uncounseled testimony to conclude that he was removable and that he was ineligible for cancellation of removal. For these reasons, the I.J.'s order of deportation should be vacated. The B.I.A.'s decision affirming the I.J.'s order should be reversed, and this case should be remanded to the Immigration Court for further proceedings that are consistent with the I.N.A. and with the standards of due process. The I.J. and the B.I.A. incorrectly concluded the petitioner was removable based on his 2003 Utah conviction. In reaching this erroneous conclusion, both the I.J. and the B.I.A. improperly considered Mr. Rendon's uncounseled testimony. The law of this circuit is clear. The I.J., the B.I.A., and a reviewing court may not rely on the testimony of a petitioner. Sandoval Lua, this Court's recent decision made a fine distinction about why this prohibition exists. I'm sorry, Counsel. Do you want to qualify that at all? The I.J. and the B.I.A. may not rely on the testimony of the petitioner? They may not when they are conducting an analysis as to whether the petitioner committed an offense that Henderson removed. Okay. All right. So you do want to qualify that just a little bit? That's correct. Okay. The general proposition that we shouldn't be believing petitioners is not the one that you want to be advocating. That is not the position we are taking. Okay. Now, did the petitioner raise the Utah conviction before the B.I.A.? Your Honors, he did. He, Mr. Rendon, raised it in his appeal to the B.I.A., and then he also raised it in his notice of appeal to this Court. He raised alternative arguments in support of that appeal, but he did challenge the finding of removability. Where did he raise it before the B.I.A.? In his application to the B.I.A., in the form that's provided, Mr. Rendon identified the fact, the finding of removability. In addition, in his notice of appeal to this Court, he again identified the finding of removal. Okay. But the first critical thing, though, is what did he ask the B.I.A. to do? And did he refer to the Utah conviction in his appeal to the B.I.A.? Your Honor, he did. Mr. Rendon did not refer specifically to the Utah conviction. Now, in order to set the context for this, we must understand that petitioners like Mr. Rendon are not a courted counsel. They have the privilege of counsel, should they be able to secure counsel. They do not have the right to counsel. And was he counseled on his appeal? Mr. Rendon did have counsel in preparing his appeal to the B.I.A. However, it is clear from the briefing and the record that we have below us, Mr. Rendon raised an erroneous legal argument in challenging the finding of removability. Specifically, the briefs challenged the finding of removability based on the Kansas conviction. Okay. So how was the B.I.A. supposed to know that Mr. Rendon objected to the use of the Utah conviction as the basis for removability when counsel brief only raises the question of a Kansas conviction? Your Honor, in this case, Mr. Rendon asserted the claim, the basic claim that he was challenging the finding of removability. Granted, the briefing was inelegant and perhaps pointed to the incorrect argument. Well, it's not just inelegant, counsel. It's just wrong. It just didn't address what the I.J. had actually done. So what should the B.I.A. have done? It should have asked counsel for supplemental briefing? Your Honor, the B.I.A. should have referred to the record of conviction that was before the I.J. And had it referred to that record of conviction and what happened in the proceedings before the I.J., the B.I.A. would have realized that the immigration judge improperly relied on Mr. Rendon's testimony. Okay. Now, you're suggesting that the B.I.A. should have sua sponte reviewed something that a counsel appellate brief didn't ask them to do? Your Honor, Mr. Rendon, again, challenged the finding of removability. In cases like LeBron by the Supreme Court, the Supreme Court has stated that the fact that a petitioner asserted a claim, a challenge, but asserted different arguments on appeal than they raised below did not result in a waiver. In this case, the fact is that Mr. Rendon did, in fact, challenge the finding of removability. He simply asserted different arguments below than he has now. If the B.I.A. had reviewed the record of conviction and if this Court, in its current review of the conviction, examines the record of conviction for the Utah conviction, the finding of removability is simply not supported. And, again, perhaps that is reinforced by the fact that the immigration judge in this case was forced to rely on petitioner's testimony. The record of conviction on its own would not have supported a finding of removability. This Court has been clear in cases like Sandoval-Lua that the I.J. and the B.I.A. cannot rely on petitioner's testimony to reach a finding of removability or eligibility for cancellation of removability. The Court in Sandoval-Lua said this is not a practical limit. It's a legal one. This prohibition applies both to finding of removability and for eligibility for cancellation. Here, the I.J. and the B.I.A. improperly considered petitioner's testimony in finding removability. Specifically, the record at page 85 demonstrates that the I.J. asked Mr. Rendon, do you agree that your Utah conviction renders you deportable? Now, Mr. Rendon, who has no legal education, who has limited education in this country and who needs to speak through an interpreter, could not be expected to answer as to a legal opinion as to whether his Utah conviction rendered him deportable under the I.N.A. So if you remove that information, is there anything left for the I.J. to have ruled on? Excuse me, Your Honor? If you eliminate that, is there anything left for the I.J. to have ruled on? In other words, could the I.J. ask, do you agree with me? Why is the I.J. asking do you agree with me unless he's got something else that causes him to come to the conclusion that he's deportable? Your Honor, that's precisely the problem here, is that the record of conviction doesn't support a finding of removability. And perhaps that highlights the I.J.'s and the B.I.A.'s reliance on Mr. Rendon's testimony here. Notably, the respondent in this case does not dispute the fact that the I.J. and the B.I.A. both relied on Mr. Rendon's testimony. Specifically, Respondent's Brief at page 9 embraces the fact that both relied on Mr. Rendon's testimony. Now, with regard specifically to Mr. Rendon's Utah conviction, that Utah conviction would not render him removable as a violation of a law relating to a controlled substance. In Coronado-Durazo, this Court held that solicitation to possess drugs for sale was not an offense relating to a controlled substance. In Coronado-Durazo, the solicitation statute was a generally applicable statute that was not specific to the drug code. It required a different mental state and had different elements. The Utah conviction here is near identical to the one in Coronado-Durazo. Specifically, Utah Code 76-4-101 is a generally applicable attempt statute. It has separate and distinct elements from actual possession. It resides in a different portion of the Utah codes. Namely, it's not a part of Chapter 58, which is Utah's Controlled Substances Act. It has a distinct punishment from actual possession. Notably, an attempt is a Class A misdemeanor. Actual possession, a third-degree felony. The Utah conviction in this case is akin to the solicitation addressed in Coronado-Durazo. Again, both are generally applicable offenses. Excuse me, counsel. Section 1227 does prohibit the, sorry, makes it removable for any alien who's been convicted of a violation or a conspiracy or attempt to violate the regulation of a state related to a controlled substance. Now, why isn't that, why doesn't that answer our question? Your Honors, the law, 1227, specifically says that the law must be relating to a controlled substance. It's not that the attempt or conspiracy must be related to a controlled substance. It is that the law, the statute of conviction must relate to a controlled substance. In this case, Mr. Rendon, or at least the record of conviction, only shows that he was convicted under the generally applicable Utah attempt statute, not under the drug. I'm trying to, okay, help me parse the statute. I'm trying to figure out your argument. The 1227, Your Honor, speaks specifically to a violation of a law relating to a controlled substance. Okay. But you just read out the parenthetical. In the parenthetical, attempt or conspiracy applies to a law that relates to a controlled substance. So if we were to look at that, if we were to excise the word violation and take a look at attempt to violate, any alien who has been convicted of an attempt to violate any law or regulation of the State relating to a controlled substance would also be removable. Why would that cover your client? Your Honors, that's not the law that Congress gave us. Congress gave us a law that specifically identifies violations of laws that relate to a controlled substance. Well, what are we supposed to do with the parenthetical? The parenthetical applies to laws, conspiracies and attempts to violate a law that relates to a controlled substance. Ultimately, even if this Court were to conclude that there was a sufficient record to support Petitioner's removability, the IJ and the BIA both erred in finding that Petitioner was ineligible for cancellation of removability. So your argument is because Utah's controlled substances law is found in Part 58 and its attempt provision is found in a different part of the code, that therefore conviction of attempt to violate a controlled, the possession of a controlled substance cannot be a controlled substance violation? In this case, no, Your Honor. Mr. Rendon, or at least the record of conviction and specifically the abstract of judgment that the State of Utah has provided, simply indicates that Mr. Rendon was convicted under the attempt statute. The complaint actually crosses out the portion. It has to be an attempt to do something. An attempt in and of itself is not a crime. That's correct, Your Honor. But in this case, the record of conviction, and again, at this point in determining removability, the burden is on the government to show by clear and convincing evidence that Mr. Rendon is removable. The record of conviction here does not support that. And again, illustrated by the fact that the IJ was compelled to rely on Petitioner's testimony in order to reach its conclusion of removability. Ultimately. No. Okay. I'm looking at the record of conviction on page 149 of the administrative record. What's the infirmity here? The complaint. The charging document, as a matter, of course, in this circuit under cases like Pennular, are accorded little weight because they describe allegations and not the actual conduct to which a Petitioner pleaded guilty. However, if we look at page 149, we can see that it's unclear what the actual charge is because it's been crossed out by hand. No. It says, Your Honor, there is a handwritten notation that says ATT, and then there is a cross out of controlled substance, drug-free zone. If we refer to the actual abstract of judgment in this case, the actual citation to the statute is gone. All we can see is that there has been a conviction of attempted illegal possession or use of a controlled substance.  This looks, in addition to the actual non-categorical match between this Utah statute and the offenses that are considered controlled substances offenses, this conduct describes the same type of conduct that the court had. Okay. Let me understand the logic of your position here. You're saying that because, technically, the judgment does not state what he was convicted of attempting to do, that the record is inadequate and that the fact that he testified as to what it was all about does not entitle the fact finder to rely on that and the government still has to come in and show something else? That's correct, Your Honor. The government would need to provide clear and convincing evidence. And was that position preserved? Where is that position preserved in the record? Your Honor, under the authority in LeBron and in cases like E by the Supreme Court, the fact that Mr. Rendon asserted a challenge to the finding of removability preserved that claim. A broad challenge to removability preserves this argument. That's correct, Your Honor. Even if this Court were to concur that the record was sufficient to find removability the Court erred in finding that Mr. Rendon was ineligible for cancellation of removal. Specifically, in Sandoval Lua, this Court found that a record of conviction nearly identical to this one was insufficient to find ineligibility for cancellation of removal. There were two documents in the record of conviction in Sandoval Lua. There was a charging document and an abstract of judgment. In both cases, in this case and in Sandoval Lua, the charging document and the journal entry of judgment attempted to divorce or derive a title to the charge from the actual text of the statute. Because the statute in Sandoval Lua, much like the statute in this case, criminalized conduct that does not constitute an aggravated felony, this Court held that the record was insufficient to make a finding that the Petitioner was convicted of an aggravated  Let me just go back to this. Did the I.J. Did the – was there any objection? Was there an objection before the I.J.? Or was this issue raised before the I.J. at all? Your Honor, that's precisely the problem here. Yeah. And certainly, this is why due process comes into question in this case. Mr. Rendon is – has limited education. He does not speak the language. He was not represented by counsel. He was not represented. And the fact that he was asked by the I.J. that, number one, whether he agreed legally that his Utah conviction rendered him removable at page 85, and then at pages 110 to 114, where the I.J. essentially cross-examined Mr. Rendon as to his legal opinion of whether he was convicted of a felony or a misdemeanor, violates due process, it violates the letter of the statute in INA 240, and certainly merits a remand of these proceedings so that Mr. Rendon can actually be accorded the standards that Congress has set out for us. I think the answer to Judge Schroeder's question on cancellation of removal is it was not raised before the Board at all. Your Honor, Mr. Rendon did challenge the finding of eligibility for cancellation of removal. Again, it was not precisely the arguments that we're making now before this Court. Right. However, under the jurisprudence in Yee and LeBron, his claims would be preserved. Do you want to talk about Kansas? Your Honors, if there's no further questions, I'd like to reserve some time for rebuttal. But certainly, if there are questions. Do you want to talk about the Kansas conviction at all? This Court's finding in Sandoval-Lua found that a very similar record of conviction was insufficient to support an ineligibility for cancellation of removal. Secondly, the determination that Mr. Rendon was ineligible for cancellation of removal was, again, based on the improper consideration of Mr. Rendon's testimony, specifically the record at pages 110 to 113. There is a point at page 112 where Mr. Rendon says, I don't understand a lot about the law, so I don't know. The IJ proceeded to question him on whether he was convicted of possession, possession with the intent, a felony, or a misdemeanor. Certainly, this Court's holding in Sandoval-Lua and in other cases describe the fact that it is not a practical limit. It is a legal limit that bars an IJ from considering the testimony. But at the very least, the standards of fair play and due process would not expect someone like Mr. Rendon. So what's the problem with the Kansas conviction? Again, the record of conviction in this case only indicates that Mr. Rendon was convicted under Kansas Statute 654163. That statute criminalizes conduct that is considered an aggravated felony as well as conduct that does not constitute an aggravated felony. Without more information in this case, we cannot determine whether Mr. Rendon was Your Honor, because we're not sure whether he pled guilty to possession, possession with the intent to distribute solicitation, which is criminalized by the Kansas statute but is not an aggravated felony. And again, I would note that Well, except the complaint says it was intent to sell, and the journal entry of judgment says it was intent to sell. So what's ambiguous about that? This Court's holding in Sandoval-Lua, and particularly at footnotes 8 and 9, indicate that you cannot divorce a portion of the statute and then cite generally to the statute in a journal judgment of entry and in a complaint, and then be able to conclude that a petitioner was convicted of only that conduct that's considered an aggravated felony. Well, okay. Is your co-counsel intending to present it? No, Your Honor. No, you're doing it. Okay. Thank you. Well, you're doing a good job here. But what is – I had a little trouble with the relief you want. You want this all remanded for further proceedings, and I'm not sure what that means. Do they get – does the BIA or the IJ get to take more evidence on what the nature of this is? Your Honor, ideally, Mr. Rendon has been imprisoned for two years, not because he committed any crime, but simply because the process here was not adhered to, specifically the IJ and the BIA improperly considered his testimony, and then on appeal he's been imprisoned at the Eloy Detention Center. Mr. Rendon should, in fact, be set free, and should the government decide that it wants to pursue this, then it can certainly initiate proceedings. However, from our perspective, that certainly – Initiate new – May resume the proceedings to try to remove Petitioner. However, we don't feel that there is a sufficient record of conviction – record of conviction here to support removability or a finding that he's – Do you want us to remand – aren't you asking us to remand this proceeding? Yes, Your Honor. Again, we would remand the proceeding and force the IJ and the BIA or require the IJ. So they'd have a – the government would have an opportunity to put in additional evidence in order to show what this actually was? That's correct, Your Honor. Okay. Thank you. Thank you, Your Honor. Good morning, Your Honors. May it please the Court, Melissa Nyman-Kelting for the government. There are two distinct issues in this case that I think bear some clarification so that we can understand what conviction goes to what portion of Mr. Rendon's case. The two discrete issues in this case are removability and relief. Mr. Rendon's an individual who has been here as a legal permanent resident since 1995, has had at least two convictions for controlled substance offenses and numerous other arrests. The two convictions in question here are the 2003 Utah conviction, which was the basis of the removability ground, and the 1997 Kansas conviction, which was the basis of ineligibility for the relief he requested, that being cancellation of removal, asylum, and withholding of removal. Regarding the – I'd like to address the removability conviction first. Our position, I think, and it's clear from our briefs, is that Mr. Rendon did not sufficiently exhaust his challenge to removability. As the Court noted, he was represented by counsel before the Board, and the Board at page 3 of the record explicitly noted that Petitioner raised no challenge to the fact of the Utah conviction sustaining the charge of removability. We have all these new arguments now that Petitioner is raising on appeal in that attempt is more akin to solicitation, that this doesn't really relate to a controlled substance offense, that these documents were insufficient. These are all very specific claims that could have and should have been raised to the Board in the first instance because the Board was well within its purview to address these arguments and, if necessary, find that the removability charge could not stand. Here, that was not the case. The assertion that the record does not support removal is a misstatement, I believe, of what we have in the record. As Judge Bybee pointed out, we do have the charging document and the record of conviction that shows that he was convicted for attempt of possession of cocaine. And again, this is the precise point of the purpose of exhaustion. I wanted to clarify something that Petitioner's counsel brought up in their reply brief. We're not alleging a waiver here. There's a difference between the prudential doctrine of waiver and the jurisdictional requirement of exhaustion. And here, it's the government's position that these specific claims simply were not exhausted before the Board. In regard to Petitioner's concern that the IJ and the Board improperly relied on testimony to support a charge of removability, I'd have to disagree respectfully with the way counsel is characterizing the case. Here we have, at the page 84 and 85 of the record, we do have a concession that he was removable as charged. To follow Petitioner's logic on this case, that would assume that every time we have an individual who's unrepresented, as is often the case, as you know, in removal proceedings, and here Mr. Rendon was given three opportunities to find counsel and declined them at each time. And he was not represented. That's correct, Your Honor. He was not. At pages 84, 91, and 96, he waived explicitly his right to seek counsel, which included a list of free legal services he could have pursued and chose not to. This would be problematic if the IJ had only relied on his concession. But here, the DHS, as was their duty, submitted sufficient conviction documents to show that, in fact, he was convicted of attempt of possession of cocaine. There was no challenge to these documents before the Board, which the Board notes at great length in its two-page decision at page 3. It gives five reasons for how the Petitioner did not exhaust this claim and finds that the removable, the removability charge was sufficient and was supported by the record evidence. Unless the Court has any more questions about removability, I'm not going to address Petitioner's argument about attempt and the specific arguments that he raises, because, again, those arguments were not presented to the agency in the first instance. It's outside of the Court's jurisdiction to consider them now. I would like to move on to the second prong of this case, which involves the relief component. And, again, here's where it might seem a bit confusing. We have the 2003 Utah conviction for removal. Now we're focusing on the 1997. I just want to make sure that this is not a straight affirmance of the IJ's decision here. The BIA went through a detailed explanation in response to each of the issues that were raised by the Petitioner to the BIA. Is that correct? That's correct, Your Honor. We don't have an affirmance without opinion or even a quick summarily adoption and affirmance under Bourbono. The BIA did proceed through a two-page analysis of the claims that the counsel did, in fact, raise to the Board. And the counsel below did raise a challenge to the agency's finding that Petitioner was not eligible for any of the forms of relief that he sought. And the major basis for that was this Kansas conviction from 1997. Now, as this Court has found and is not in dispute, the burden then shifts to Petitioner because, as the applicant for relief, the burden is on him to prove eligibility for relief. Here the burden was on Petitioner to show that for cancellation of removal and for asylum that he had not been convicted of an aggravated felony. And here he did testify that he had an additional controlled substance conviction in 1997. There was some back and forth in the record at, I believe, pages 110 through 114, which was mentioned by opposing counsel, as far as the actual nature of what this conviction entailed. Although the burden was on Petitioner, the IJ did continue the hearing to permit the government to go and obtain these conviction documents to show exactly what was it, possession with intent to sell, or was it just simple possession of marijuana. Here we have the conviction documents in the record at pages 138 to 143, and also again confirmed by the FBI rap sheet, which is at page 163. The Petitioner was, in fact, convicted of possession with intent to sell marijuana. The burden was on him to prove that this did not constitute an aggravated felony, and the agency was well within its authority to find that on this record he did not. Here the argument that Petitioner's counsel is asserting is that this case is on all fours with Sandoval-Lewa, which we did provide to this Court via 28J. And you're aware of our position that there is a nuanced distinguished or distinction, rather, here, that this is not on all fours with Sandoval-Lewa. In Sandoval-Lewa, the – it was a California statute that was for transportation of methamphetamine. The difference between the two cases is the charging document in Sandoval-Lewa just asserted the broad statutory language of conviction, which in that case, as in this case, also encompassed a solicitation offense. Here, as noted by Judge Bybee, the record of conviction, both the charging document and the abstract of judgment, both indicate not just the statutory section, which is a broad, overarching, disjunctive statute. Here we have specifically in both the complaint and in the journal entry of judgment that Mr. Rendon was in fact convicted of possession with intent to sell marijuana and that he was in fact imprisoned and given probation for this offense. And in our briefs, we set forth our position on why possession with intent to sell does encompass a trafficking offense, thus rendering it an aggravated felony for, in this case, eligibility purposes. It was not the government's burden to prove by clear and convincing evidence that this constituted an aggravated felony for removal purposes. That burden was met by the Utah conviction and Petitioner's concession and the conviction documents in the record. Here it was Petitioner's burden to show that it was – this conviction did not constitute an aggravated felony, rendering him ineligible for relief, and he failed to do so, as the IJ and the Board found. Again, to the extent that Petitioner is trying to now couch this case as a violation of due process and somehow a denial of his right to full and fair hearing, I would note that his counsel before the Board made no allegation of any sort of improper hearing, either with any translator issues or any denial of right to counsel. As noted earlier, Mr. Rendon was given three opportunities to pursue an attorney. Legal representation chose not to do so. There was no allegation that there was any sort of improper translation with the translator or the interpreter. No allegation of that sort was made. So to the extent that those allegations are coming to light here on appeal, I would just note that they are procedural due process claims that the Board is well within its purview to address in the first instance and should not be issues on appeal here today. If the Court has no further questions, I believe I would rest on our briefs. I would just say that the record of conviction in this case, both for removal and relief, clearly establishes Mr. Rendon's removal and his ineligibility for all forms of relief sought. If the Court does find that for some reason the documents are insufficient to support either the removability charge or the ineligibility finding, the proper course of action would be to remand the case to the agency in the first instance to proceed in light of the Court's opinion, because there was no merits finding on any of the grounds of relief sought. And that would be something that immigration court and the Board would have to do in the first instance. And if there are no further questions, I'll rest on the briefs. Thank you. Thank you, Your Honors. We're out of time, aren't we?  Your Honors, briefly, two points. Counsel for Respondent has indicated that Petitioner has made a concession with regard to his removability. Again, we would note that even if it's a concession or considered an admission, under Sandoval Lua, the IJ and the BIA could not have relied on that. Secondly, the decision with regard to the Kansas conviction was only reached once the decision that Petitioner was removable was made inappropriately by considering his testimony. Because that testimony was improperly considered, the analysis regarding the Kansas conviction also fails. Thank you, Your Honor. Thank you. Thank you. We appreciate the counsel's participation in our program and the quality of the argument presented on both sides, and the case is submitted for decision. We'll hear the next case, which is United States v. Curtis.
judges: Schroeder, Hall, Bybee